UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

JONATHAN W. ANDRISANI,

                Plaintiff,

    -vs-                       **No. 1:16-CV-00196 (MAT)**
                                    **DECISION AND ORDER**
CAROLYN W. COLVIN, ACTING
COMMISSIONER OF SOCIAL SECURITY,
                Defendant.

---

**I.   Introduction**

Represented by counsel, Jonathan W. Andrisani ("plaintiff") brings this action pursuant to Titles II and XVI of the Social Security Act ("the Act"), seeking review of the final decision of the Commissioner of Social Security ("the Commissioner") denying his applications for disability insurance benefits ("DIB") and supplemental security income ("SSI"). The Court has jurisdiction over this matter pursuant to 42 U.S.C. § 405(g). Presently before the Court are the parties' cross-motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. For the reasons discussed below, the Commissioner's motion is granted.

**II.   Procedural History**

The record reveals that in November 2013, plaintiff protectively filed applications for DIB and SSI, alleging disability as of October 24, 2012. After his applications were denied, plaintiff requested a hearing, which was held before administrative law judge Grenville Harrop, Jr. ("the ALJ") on

June 3, 2014. The ALJ issued an unfavorable decision on September 19, 2014. The Appeals Council denied review of that decision and this timely action followed.

**III. The ALJ's Decision**

Initially, the ALJ found that Plaintiff met the insured status requirements of the Act through December 31, 2014. At step one of the five-step sequential evaluation, see 20 C.F.R. §§ 404.1520, 416.920, the ALJ found that plaintiff had not engaged in substantial gainful activity since October 24, 2012, the alleged onset date. At step two, the ALJ found that plaintiff had the severe impairment of mood disorder. At step three, the ALJ found that plaintiff did not have an impairment or combination of impairments that met or medically equaled a listed impairment.

Before proceeding to step four, the ALJ found that plaintiff retained the residual functional capacity ("RFC") to perform a wide range of medium work, with nonexertional limitations including a "mild impairment . . . in performing complex tasks independently, making appropriate decisions, and relating adequately with others." T. 14. At step four, the ALJ found that plaintiff had no past relevant work. At step five, the ALJ found that considering plaintiff's age, education, work experience, and RFC, jobs existed in the national economy which plaintiff could perform. Accordingly, the ALJ found that plaintiff was not disabled.

**IV. Discussion**

A district court may set aside the Commissioner's determination that a claimant is not disabled only if the factual findings are not supported by "substantial evidence" or if the decision is based on legal error. 42 U.S.C. § 405(g); see also Green-Younger v. Barnhart, 335 F.3d 99, 105-06 (2d Cir. 2003). "Substantial evidence means 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Shaw v. Chater, 221 F.3d 126, 131 (2d Cir. 2000).

**A. Failure to Develop the Record**

Plaintiff contends that the ALJ failed to fully develop the record. Specifically, plaintiff argues that the ALJ (1) failed to obtain treatment records from plaintiff's treating counselor, LMSW Leslie Tebo; and (2) failed to obtain clarification of illegible records provided by plaintiff's treating nurse practitioner, NP Gerald Frisicaro. For the reasons discussed below, the Court finds that the ALJ did not fail to properly develop the record.

The regulations provide that although a claimant is generally responsible for providing evidence upon which to base an RFC assessment, before the Administration makes a disability determination, the ALJ is "responsible for developing [the claimant's] complete medical history, including arranging for a consultative examination(s) if necessary, and making every reasonable effort to help [the claimant] get medical reports from

3

[the claimant's] own medical sources." 20 C.F.R. §§ 404.1545, 416.945 (citing 20 C.F.R. §§ 404.1512(d) through (f); § 416.912(d) through (e)). "Even though the ALJ has an affirmative obligation to develop the record, it is the plaintiff's burden to furnish such medical and other evidence of disability as the Secretary may require." Long v. Bowen, 1989 WL 83379, *4 (E.D.N.Y. July 17, 1989) (internal citations omitted).

### 1. LMSW Tebo's Notes

In this case, plaintiff testified that he received biweekly treatment from LMSW Leslie Tebo at Spectrum Human Services. Plaintiff contends that LMSW Tebo's treatment notes are missing from the record. However, upon a review of the record, the Court finds that it is complete with no "obvious gaps." See Rosa v. Callahan, 168 F.3d 72, 79 n.5 (2d Cir. 1999) ("[W]here there are no obvious gaps in the administrative record, and where the ALJ already possesses a complete medical history, the ALJ is under no obligation to seek additional information in advance of rejecting a benefits claim.") (internal quotation marks omitted).

Treatment notes from Spectrum Human Services contained within the record appear to be complete; moreover, there is no obvious indication from the records that any portion is missing. The Spectrum records include notes signed by LMSW Tebo, including an initial assessment dated March 25, 2013, an "individualized action plan" dated June 5, 2013, and a discharge plan dated November 6,

4

2013. The records from Spectrum, which span approximately 60 pages, do not contain reference to any additional treatment notes nor an indication that more notes from Spectrum existed such that the ALJ's duty to further develop the record would have been triggered. Accordingly, the Court concludes that the ALJ did not err in failing to develop the record with respect to treatment notes from LMSW Tebo. See Hofner v. Colvin, 2016 WL 777306, *2 (W.D.N.Y. Feb. 29, 2016) ("The record in this case contains what appears to be a complete record of plaintiff's medical treatment . . . and therefore the ALJ did not have a duty to further develop the record."); Trimm v. Colvin, 2015 WL 1400516, *4 (N.D.N.Y. Mar. 26, 2015) ("While the ALJ certainly has an obligation to adequately develop the administrative record, the Court finds that there was no indication that the record was not fully development . . . because Plaintiff's medical records did not have any obvious gaps and appeared complete.").

## 2. NP Frisicaro's Notes

Plaintiff contends that the ALJ failed to develop the record by failing to clarify NP Frisicaro's handwritten treatment notes, which plaintiff argues are largely illegible. As plaintiff points out, he treated with NP Frisicaro primarily for medication management, which NP Friscaro modified on at least six occasions between May 2013 and May 2014. The Court has reviewed NP Frisicaro's treatment notes and finds that they are decipherable,

5

contrary to plaintiff's argument. NP Frisicaro indicated that he prescribed plaintiff Seroquel (an antipsychotic) and Zoloft (an antidepressant) in May 2013. In August 2013, he prescribed Saphris, a different antipsychotic medication, in place of Seroquel. In September, he prescribed Abilify, an antipsychotic, a prescription which he continued later that month, at which time he added Wellbutrin, another antidepressant. In October, he discontinued Abilify and began a prescription for Risperdal, an antipsychotic. NP Frisicaro's notes also make clear that he diagnosed plaintiff with PTSD and ADHD, with a note to rule out schizoaffective disorder. He recorded that plaintiff complained of anxiety, "flight of ideas," depressive symptoms, and difficulty sleeping. T. 484. Accordingly, the Court finds that NP Frisicaro's notes are legible and no further information was needed in order to clarify them.

Although plaintiff argues that NP Frisicaro's records were "incomplete" because they did not include objective findings, such as mental status examinations, the record does not indicate that NP Frisicaro actually performed such objective tests. Therefore, the absence of such information was not a "gap" in the record such that the ALJ's duty to further develop the record would be triggered. See Hofner, 2016 WL 777306, at *2; Trimm, 2015 WL 1400516, at *4. The Court thus finds that the ALJ did not err in failing to clarify NP Frisicaro's treatment records.

**B. Credibility**

Plaintiff contends that the ALJ erroneously evaluated his credibility. A review of the ALJ's decision reveals that he thoroughly reviewed plaintiff's testimony and reports of limitations, and compared plaintiff's reports to the medical evidence of record. See T. 15-17. In coming to his finding that plaintiff's reports were not entirely credible, the ALJ cited the requirements of 20 C.F.R. §§ 404.1529, 416.929, SSR 96-2p, 96-5p, 96-6p, and 06-3p.

The ALJ's discussion, which incorporates his review of plaintiff's reports and testimony, indicates that he used the proper standard in assessing credibility, especially in light of the fact that he cited the relevant authorities in that regard. See Britt v. Astrue, 486 F. App'x 161, 164 (2d Cir. 2012) (finding explicit mention of 20 C.F.R. § 404.1529 and SSR 96–7p as evidence that the ALJ used the proper legal standard in assessing the claimant's credibility); Judelsohn v. Astrue, 2012 WL 2401587, *6 (W.D.N.Y. June 25, 2012) ("Failure to expressly consider every factor set forth in the regulations is not grounds for remand where the reasons for the ALJ's determination of credibility are sufficiently specific to conclude that he considered the entire evidentiary record."). The ALJ's conclusion that plaintiff's reports were not credible because they were inconsistent with substantial record evidence was thus based on a proper application

of the law and is supported by substantial record evidence. See Pietrunti v. Dir., Office of Workers' Comp. Programs, 119 F.3d 1035, 1042 (2d Cir. 1997) ("Credibility findings of an ALJ are entitled to great deference and therefore can be reversed only if they are 'patently unreasonable.'").

**V. Conclusion**

For the foregoing reasons, plaintiff's motion for judgment on the pleadings (Doc. 7) is denied and the Commissioner's motion (Doc. 13) is granted. The ALJ's finding that plaintiff was not disabled is supported by substantial evidence in the record, and accordingly, the Complaint is dismissed in its entirety with prejudice. The Clerk of the Court is directed to close this case.

**SO ORDERED.**

                              **S/Michael A. Telesca**

                              HON. MICHAEL A. TELESCA
                              United States District Judge

Dated:    May 24, 2017
           Rochester, New York.